**Mario MARTINEZ–MORENO,**
Petitioner

v.

**ATTORNEY GENERAL OF
the UNITED STATES,**
Respondent.

No. 10–1687.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6 April 15, 2010.

Opinion filed: April 21, 2010.

Joyce A. Phipps, Esq., Plainfield, NJ,
for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W.
Hussey, Esq., United States Department
of Justice, Washington, DC, for Respondent.

Before: FUENTES, JORDAN and
HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Mario Martinez–Moreno, a native and
citizen of Mexico, entered the United
States unlawfully in 1994. Approximately
two years later, in April 1996, he was
convicted in New Jersey Superior Court
for possession with intent to distribute a
controlled substance on or near school
property. *See* N.J.S.A. § 2C:35–7 (2005).

In December 2007, Martinez–Moreno
was served with a Notice to Appear charging him with removability as an alien present in the United States without being
admitted or paroled. *See* INA
§ 212(a)(6)(A)(i) [8 U.S.C.
§ 1182(a)(6)(A)(i) ]. Martinez–Moreno
conceded removability but sought cancellation of removal under INA § 240A(b) [8
U.S.C. § 1229b(b) ]. Following a hearing,
the Immigration Judge (IJ) denied his application on the ground that his New Jersey controlled substances conviction rendered him ineligible for relief. *See* 8
U.S.C. § 1229b(b)(1)(C). By order entered February 5, 2010, the BIA affirmed
the IJ's decision. Martinez–Moreno filed
a timely petition for review in this Court.[1]
The government now moves for summary
action.

Upon review, we agree with the government that the BIA correctly concluded
that Martinez–Moreno is ineligible for cancellation of removal due to his controlled
substance conviction. 8 U.S.C.
§ 1229b(b)(1)(C) renders an alien ineligible
for cancellation of removal if he has been
convicted of an offense under § 1182(a)(2).
Section 1182(a)(2), in turn, states that an
alien is inadmissible if he has been convicted of "a violation of . . . any law or regulation of a State . . . relating to a controlled
substance." 8 U.S.C.
§ 1182(a)(2)(A)(i)(II). Because Martinez–
Moreno's conviction under N.J.S.A.
§ 2C:35–7 clearly meets this description,[2]
he is ineligible for cancellation of removal.

Because the appeal presents no substantial question, *see* Third Cir. LAR 27.4 and
I.O.P. 10.6, we grant the motion and will

---

1. We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a)(1).

2. 8 U.S.C. § 1182(a)(2)(A)(i)(II) refers to Section 802 of Title 21 for a definition of "controlled substance."

deny Martinez–Moreno's petition for review. The motion for a stay of removal is denied.